Samuel **LOMBARDI,**
**Petitioner-Appellant,**

v.

The **BOARD OF ADJUSTMENT (ZONING) OF the CITY AND COUNTY OF DENVER, and Lawrence M. Henry, Gunnar Mykland, Ernest C. Capillupo, Frana L. Mace, and Charles L. Cousins, Individually and as Members of the Board of Adjustment (Zoning) of the City and County of Denver; Anthony H. Jansen, Zoning Administrator of the City and County of Denver; and the City and County of Denver, Frank E. Quintana, Respondents-Appellees,**

and

**H.G. Gross, Rudy Castro, Denver Planning Office; and Sal Carpio, Respondents.**

No. 81CA1293.

Colorado Court of Appeals, Div. I.

Dec. 15, 1983.

Goldstein & Armour, P.C., Gilbert Goldstein, Darrel L. Campbell, Denver, for petitioner-appellant.

Max P. Zall, City Atty., Robert M. Kelly, John L. Stoffel, Jr., Asst. City Attys., Denver, for respondents-appellees.

VAN CISE, Judge.

Samuel Lombardi appeals the judgment of the trial court affirming the Board of Adjustment Zoning's denial of Lombardi's appeal of a cease and desist order issued by the Denver Zoning Administrator. We reverse.

Lombardi is the owner of property in Denver known as 1926 West Elk Place. He uses this property as a business office, and also as a gasoline filling station for trucks and passenger cars owned by him. Some of these vehicles are used in connection with the Lombardi Meat Company, also owned by him, located on adjacent premises.

The subject property is in a B–2 zone district. The zoning ordinance specifies that among uses by right in a B–2 district is "an automobile gasoline filling station."

On August 1, 1980, the Zoning Administrator issued, and had served upon Lombardi, a cease and desist order stating:

"Permitted uses in the B–2 Zone District do not include a gasoline pump for fueling Industrial Vehicles. Ordinance Section 612.7–3(1). Industrial vehicles are being fueled at a gasoline pump on the above-cited Zone Lot in violation of the cited Section."

Lombardi filed an appeal application with the Board of Adjustment Zoning on the use issue. The application was denied.

He then filed this C.R.C.P. 106(a)(4) action for review of the action of the Board. The trial court affirmed the ruling of the Board.

On appeal, the position of the city in support of the cease and desist order is that motor vehicles cannot be serviced in a B–2 district unless they are "automobiles" serviced at "retail." It argues that Lombardi is not operating an "automobile gasoline filling station" as specified in the zoning ordinance because the vehicles of Lombardi's meat company are not "automobiles." It contends that the word "automobiles" refers only to passenger cars. We do not agree.

Words are to be given their ordinary and generally accepted meanings. We should not "resort to unusual and strained definitions to work the denial of a use permitted within the familiar and popular understanding of the words used." *Jones v. Board of Adjustment,* 119 Colo. 420, 204 P.2d 560 (1949). *See also Humana, Inc. v. Board of Adjustment,* 189 Colo. 79, 537 P.2d 741 (1975).

"Automobile" is defined in *Black's Law Dictionary* (Revised 4th ed. 1968) p. 169 as "a vehicle for the transportation of persons or property on the highway, carrying its own motive power and not operated upon fixed tracks." *See also* § 42–1–102(5.5) and § 42–1–102(46), C.R.S.1973 (1982 Cum. Supp.) (" 'automobile' means any motor vehicle" and " 'motor vehicle' means any self-propelled vehicle which is designed primarily for travel on the public highways and which is generally and commonly used to transport persons and property over the public highways").

*Jones v. Board of Adjustment, supra,* is directly applicable here. In *Jones,* the Board held that a permitted use as "office" did not allow a building entirely devoted to office space. The Supreme Court reversed. It held that since the word "office" carried with it no limitations or restrictions, it would not be giving the word its plain meaning to allow an office in a building but not a building full of offices. It further held that an ordinance should be construed in favor of the right of a property owner's unrestricted use of his property.

Here, the city admits that trucks and other types of motor vehicles, as well as passenger cars, are regularly serviced in filling stations in B–2 districts. There is no reasonable basis for limiting the word "automobiles" to passenger cars only, and so doing constitutes an abuse of discretion by the Board.

The judgment is reversed, and the cause is remanded to the trial court with directions for it to order the Board to vacate its cease and desist order.

PIERCE and KELLY, JJ., concur.